# THOITS LAW
A Professional Corporation

400 Main Street, Suite 250
Los Altos, California 94022
TEL (650) 327-4200
FAX (650) 325-5572
www.thoits.com

Christopher Tom

ctom@thoits.com

February 8, 2022

<u>Via ECF Only</u>

The Honorable Lewis J. Liman
United States District Judge, Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

  Re: *Roku, Inc. v. The Individuals, Corporations, et al.* Case No. 1:22-cv-00850-LJL

Dear Judge Liman:

  We represent Plaintiff Trebco Specialty Products Inc. in the above-referenced matter. On February 1, 2022, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (the "<u>Order</u>") granting Plaintiff's ex parte application for temporary restraints and scheduling a hearing for February 14, 2022 on Plaintiff's request for the issuance of a preliminary injunction.

  We write the Court to request respectfully:

  1. A seven (7) day extension of Defendants' deadline to oppose Plaintiff's application for a preliminary injunction, from Thursday, February 10, 2022 to Thursday, February 17, 2022;

  2. A eight (8) day adjournment of the preliminary injunction hearing, from Monday, February 14, 2022, to Tuesday, February 22, 2022; and

  3. An extension of the restraints imposed by the Order until the new hearing date pursuant to Rule 65(b)(2).

  As explained in more detail below, pursuant to the Order Plaintiff has sought but not yet received from the Financial Institutions confirmation that the asset restraint is complete and identifying information for Defendants.

  This will be the first extension and adjournment of these dates. No defendant has appeared in this matter.

THOITS LAW
A Professional Corporation

400 Main Street, Suite 250
Los Altos, California 94022
TEL  (650) 327-4200
FAX  (650) 325-5572
www.thoits.com

Christopher Tom                                                                                           ctom@thoits.com

## Extension of Deadlines and Adjournment of Hearing Date

As noted in our initial application that lead to the Order, Defendants in this case are actively marketing and selling products that infringe upon Plaintiff's intellectual property rights. Defendants are made up of persons and entities that hide their true identities behind various usernames, through which they sell infringing products using online marketplace accounts on Amazon and Wish. As a result, and to protect Plaintiff's rights, the Court authorized service of the Summons, Complaint, and Order by electronic mail within five (5) days *after* the online marketplace accounts' compliance with the temporary asset restraint provisions of the Order. See Order, ¶¶ 5-7.

Delaying service until after the temporary asset restraint is in effect is critical to maintain the confidentiality of this proceeding until Defendants' accounts are frozen, thereby avoiding defendants' improper transfer and/or destruction of ill-gotten proceeds and other relevant information. Indeed, as detailed in our initial application, and as accepted by the Court in the Order, "if Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds," and are also "likely to destroy, move, hide, or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, distributing, offering for sale, and/or sale of the Counterfeit Products." See Order, pp. 3-4. At the same time, Plaintiff recognize that service of the Summons, Complaint, Order, and supporting papers is essential to ensuring that Defendants have access to the full record before the preliminary injunction hearing. In that regard, the Order also directed the third-party service providers to provide information concerning Defendants to Plaintiff, including contact information, to enable Plaintiff to effectuate service of the documents in this case. See e.g., Order, ¶ 4.

Plaintiff has served Amazon and Wish with the Order. To date, however, neither online marketplace has (i) confirmed that the asset restraint is complete, or (ii) provided contact information for Defendants sufficient to complete e-mail service. Thus, to ensure Defendants can review and respond to Plaintiff's filings in a timely manner, Plaintiff requests the Court extend Defendants' deadline to respond to the Order from February 10, 2022, to February 17, 2022, and adjourn the preliminary injunction hearing from February 14, 2022, to February 22, 2022.[1]

## Extension of Temporary Restraint

The Temporary Restraining Order is currently set to expire on Tuesday, February 15 2022. See Order, p. 9. If the temporary restraints dissolve before Plaintiff can be heard on its

---

[1] Plaintiff requests to adjourn the preliminary injunction hearing to February 22, 2022 because the Court is closed on February 21 in honor of Presidents' Day.

# THOITS LAW
A Professional Corporation

400 Main Street, Suite 250
Los Altos, California 94022
TEL (650) 327-4200
FAX (650) 325-5572
www.thoits.com

Christopher Tom                                                                                          ctom@thoits.com

preliminary injunction application, there is a substantial risk (as detailed in the moving papers) that Defendants (who will by then be on notice of these proceedings) will hide their assets and other relevant information before preliminary restraints can be imposed.

We respectfully submit that the foregoing constitutes "good cause" under Rule 65(b)(2) to extend the temporary restraints for a short period of time. Thus, to ensure that the relief provided in the Order is not rendered moot, and to protect Plaintiff's rights pending the return date of the Order, we respectfully request that the Court continue the relief set forth in the Order until after adjourned hearing date on Plaintiff's preliminary injunction application.

Defendants will not be unduly prejudiced by this request. In the first instance, Defendants have no right to engage in the infringing activity at issue. Moreover, we are requesting an adjournment of just eight days, giving Defendants the ability to quickly seek relief if they are so entitled.

We would be happy to provide more information or to make ourselves available to discuss this matter further if necessary. We thank the Court for its time and attention to this matter.

Very truly yours,

THOITS LAW

/s/ Christopher Tom
Christopher Tom