IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROKU INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-00850-LJL |
| v. ) | |
| ) | |
| THE INDIVIDUALS, CORPORATIONS, ) | |
| LIMITED LIABILITY COMPANIES, ) | |
| PARTNERSHIPS, AND ) | |
| UNINCORPORATED ASSOCATIONS ) | |
| IDENTIFIED ON SCHEDULE A ) | |
| HERETO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS FANCER AND MOOSE STORES'
JOINT RESPONSE TO THE ORDER TO SHOW CAUSE**

Defendants Fancer ("Fancer") and Moose Store ("Moose Store") (collectively, "Defendants") submit this Opposition to Plaintiff's Motion for Preliminary Injunction.

Defendants are internet sellers of replacement remote controls for TVs, including Roku TV. Plaintiff accuses Defendants of selling the remote controls of the brand "NGHTMRE," who upon information and belief, is not a party to this case.

Defendants make a joint response because Plaintiff accuses Defendants of selling the same products made by NGHTMRE. Copies of Plaintiff's evidence of sales by Fancer and Moose Store are included as Exhibits A and B, respectively.

The Preliminary Injunction should be denied because Plaintiffs cannot prove that there is a likelihood of success on the merits.

In order for a movant to prevail on its motion for a preliminary injunction, it must demonstrate both "(a) irreparable harm and (b) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *United States Shoe Corp. v. Brown Grp., Inc.*, 740 F. Supp. 196, 197 (S.D.N.Y. 1990)

To prove trademark infringement, a trademark owner must demonstrate that the alleged infringer's use of the mark is likely to cause confusion or mistake as to the origin of the two products. See, *Radiance Found, Inc. v. NAACP*, 786 F.3d 316, 322 (4th Cir. 2015). Likewise, when a mark is made of descriptive terms, the alleged infringer may defend his use of the terms by demonstrating that he used them in good faith in their descriptive sense and not as a trademark, thus making "fair use" of descriptive terms, as codified in Section 33(b)(4) of the Lanham Act. *Brown Grp.*, 740 F. Supp. at 198. A defendant that is not using the phrase as an identifier or trademark to indicate origin or source is not infringing the mark. Id. at 199.

1. **Defendants' Use of the Word "ROKU" in Advertising Constitute Descriptive Fair Use**

Defendants have identical titles for their respective product sales. The listings of Defendants' products provided in Plaintiff's evidence is as follows:

NGHTMRE New Replace Remote for Roku Remote Control Roku 1 LT HD Roku 2 XD XS 3 4 Media Player (Ex. A, at 1; Ex. B at 1).

NGHTMRE New Replace Remote for Roku ROKU 1: LT HD Media Player (Ex. A, at 12; Ex. B at 1); and,

NGHTMRE Replacement Remote for Roku 1/2/3/4 HD LT XS XD IR ROKU Remote (Ex. A, at 8; Ex. B at 8).

For each of these listings, Defendants identify that the remote controls are compatible with Roku technology. Without using the word "Roku," consumers have no clue whether the replacement remote will work with Roku TV. Just like phone charger sellers that state charger compatible with Apple or Sumsung, there is no way to get around the usage of trademarked words to describe the compatibility of certain after-market products. Moreover, Defendant is not using the word as a trademark or identifier to indicate origin or source of the product. Instead, it is used in a sentence to indicate the compatibility of the product.

Moreover, the designation that these are NGHTMRE products informs the customer of the manufacturer and that they were not produced by Roku or Roku affiliate.

2.  **Defendants' Product Do Not Infringe Plaintiff's Purple Design Mark**

Plaintiff accuses Defendants of infringing US TM Reg. No. 6076830, which is a design mark directed to a particular color of purple. A copy of the protected color of purple alongside Defendants' products is shown in the table below.

| US TM Reg. No. 6076830 | Image from NGHTMRE New Replace Remote for Roku Remote Control Roku 1 LT HD Roku 2 XD XS 3 4 Media Player (Ex. A, at 2; Ex. B at 2). | Image from NGHTMRE Replacement Remote for Roku 1/2/3/4 HD LT XS XD IR ROKU Remote (Ex. A, at 8; Ex. B at 8). |
|---|---|---|
| | | |

As shown above, the color employed by Defendants' product is much darker shade than the bright-purple that they registered as a trademark. Upon information and belief, Plaintiff registered "Blue-Violet", whereas Defendants' products utilize indigo. This is a substantial and clear color difference. Given the very clear differences in color shade, customers are not likely to be confused as to the origin of the product.

3.      **<u>Defendants' Products Do Not Infringe Plaintiff's Purple Fabric Tag Mark</u>**

Plaintiff accuses Defendants the design marks of US TM Reg. Nos. 4843920 and 4839473, which are directed to fabric tags of the generic color "purple". According to the USPTO records, the generic "color(s) purple is/ are claimed as a feature of the mark."[1]

Plaintiff did not provide evidence that the fabric tag on Defendants' product is purple. Defendants' NGHTMRE New Replace Remote for Roku ROKU 1: LT HD Media Player (Ex. A. At 12; Ex. B at 14) products are shown below with a close up zoom of the fabric tag.



A close-up zoom of the product's fabric tag doesn't show purple, but a darker shade of deep indigo. Given the very clear differences in color shade to generic "purple", customers are not likely to be confused as to the origin of the product.

4. **Defendants' Usage of the Roku Word Mark Would Not Lead to Customer Confusion**

The term "USARMT ROKU-T11078" is found in small letters on the bottom of Defendants' product "NGHTMRE Replacement Remote for Roku 1/2/3/4 HD LT XS IR ROLU Remote." (Ex. A, at 8; Ex. B at 8). The relevant confusion is that which "affects 'the purchasing

---

[1] See, https://tsdr.uspto.gov/#caseNumber=4843920&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last visited February 15, 2022); https://tsdr.uspto.gov/#caseNumber=4839473&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (Last visited February 15, 2022)

and selling of the goods or services in question.'" *Lang v. Retirement Living Publ'g Co.*, 949 F.2d 576, 583 (2d. Cir. 1991) (quoting *Programmed Tax Systems, Inc. v. Raytheon Co.*, 439 F. Supp. 1128, 1132 (S.D.N.Y. 1977). Accordingly, the overall impression of the advertisement is of central importance.

Both Fancer and Moose Store have identical advertisements, shown below.



See, Ex. A, at 8; Ex. B at 8.

For both, the brand is specifically identified as "NGHTMRE" and not Roku. Likewise, the descriptive title of the product calls it a "NGTHMRE Replacement Remote *for* Roku." A reasonable person reading the title would understand that the brand is NGHTMRE is this product is merely compatible with Roku products, and not made by Roku.

## CONCLUSION

For the reasons above, Defendants respectfully request that this Court release the preliminary injunction as to Defendants.

Respectfully submitted,

Brooklyn, New York

Date:  February 16, 2022

Steven R. Fairchild
Fairchild Law, LLC
170 Parkside Avenue, 3F
Brooklyn, NY 11226
Bar number: SF1994
Steve@fairchildlegal.com
(703) 994-0193 (phone)